THE STATE ex rel. PETE CORELLA, by Next Friend,
v. CHARLES R. PENCE et al., Judges of Circuit
Court of Jackson County.

In Banc, May 13, 1924.

1. **JURISDICTION: Juvenile Court: Child Under Eighteen: Charged With Felony: Different Proceeding.** The statute (Secs. 2591 et seq., R. S. 1919), expressly providing that "when jurisdiction has been acquired under the provisions" of the Juvenile Court Law applicable to counties of 50,000 inhabitants or more "over the person of a child, such jurisdiction shall continue, for the purposes of this article, until the child shall have attained its majority," is to be construed to mean that, when the juvenile court obtains jurisdiction of a delinquent, its retention of that jurisdiction until such delinquent attains the age of twenty-one years is a retention for the purposes of the proceeding in which jurisdiction was obtained, and is not to be construed as excluding the jurisdiction of the criminal or circuit court to proceed against the youth, after he attains the age of eighteen, on charges of crime committed between that time and his attainment of the age of twenty-one years.

State ex rel. Corella v. Pence.

2. ———: Circuit Court: Of Criminal Under Eighteen Adjudged De-linquent by Juvenile Court: Prohibition. The statute (Sec. 2594, R. S. 1919) providing that when "a child under eighteen years of age is arrested with or without a warrant, such child shall, instead of being taken for trial before" a court "having jurisdiction of the offense charged, be taken directly before the juvenile court," neces-sarily imposes on the criminal division of the circuit court in which the child, having been indicted for a felony and arrested, and hav-ing filed an application therein to transfer the case to the juvenile court on the ground that the applicant had previously been ad-judged by the juvenile court in another proceeding to be a delin-quent and to be twelve years of age, the duty, in ruling upon this application, of ascertaining whether the defendant is under eighteen years of age, and so long as the application is pending it cannot be ruled that the circuit court is exceeding its jurisdiction, and prohibition is not available to prohibit the circuit court from pro-ceeding further with the case until that court determines whether or not the applicant is under eighteen years of age; neither can it be ruled on prohibition that the testimony offered in support of the application was true, where the circuit.court has continued the application for further investigation, and no new evidence tending to support it is produced.

3. ———: Former Adjudication: Findings in Other Actions. Estoppel by verdict or judgment is applicable only when the point or ques-tion was actually litigated and determined in the original action. Findings which are not necessarily included in and become a part of the judgment are not conclusive in other actions.

4. ———: ———: Judgment in Juvenile Court. An order of the juvenile court reciting that a certain child, "aged twelve years," is adjudged "a delinquent child" and a "ward of the court," was a finding that the child was delinquent, and a further finding that the child was under eighteen years of age was necessarily im-plicated in the order, but the words "aged twelve years" was not a finding that the child was twelve years of age at the time the order was made, but a mere recital, unnecessary to the order, which could have been made without deciding that particular matter; and therefore, when said child is brought before the circuit court charged with a felony, the circuit court is not precluded by said order of the juvenile court from ascertaining whether said child has reached the age of eighteen years. .

5. ———: ———: ———: Effect in Non-Criminal Proceeding. In view of the conclusion that a recital in an order of the juvenile court that a certain child, "aged twelve years," was a delinquent, does not preclude the circuit court, when said child, indicted for a felony, is brought before it, from ascertaining whether he is now

eighteen years of age, and therefore subject to prosecution, the effect of a finding in the juvenile court in a proceeding not criminal, when the finding is offered as a basis of estoppel excluding the jurisdiction of the circuit court to try him for the crime, is not discussed.

Headnote 1: Infants, 31 C. J. secs. 228, 230.  Headnote 2: Infants, 31 Cyc. sec. 229;  Prohibition, 32 Cyc. 605.  Headnote 3: Judgments, 34 C. J. secs. 1312, 1332.  Headnote 4: Infants, 31 C. J. sec. 229.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*W. T. Alford* for relator.

(1)  The action of the criminal court in refusing to transfer the cases herein, constituted a collateral attack on the judgment of the juvenile court, since said court had in an original proceeding adjudged relator's age at a time when the issues were the same as well as the parties thereto; the finding of said juvenile court is *res judicata.* Secs. 1137 to 1152, R. S. 1919; Outram v. Morewood, 3 East. 366; Southern Pac. Rd. Co. v. United States, 168 U. S. 1; Black on Judgments, sec. 505; Coffey v. United States, 116 U. S. 436; State v. Intoxicating Liquors, 72 Vt. 253, 82 Am. St. 937; State v. Kennedy, 60 Nebr. 300; Hartman v. Henry, 280 Mo. 478, 483; Cole v. Parker Washington Co., 276 Mo. 220.  (2)  The criminal court has no jurisdiction in the cases herein, but the proceedings should have been filed and a trial had in the juvenile court charging your relator as a delinquent child.  Laws 1923, p. 153; Secs. 1137 to 1152, R. S. 1919; State v. Tincher, 258 Mo. 1; Ex parte Loving, 178 Mo. 194; State ex rel. Buckner, 254 S. W. 179; State ex rel. v. Griffin, 7 Tenn. Civ. App. 230, 253.  (3)  When once the jurisdiction of the juvenile court attaches it continues and has original and exclusive jurisdiction until the minor reaches his majority.  Laws 1923, p. 153; Secs. 1137 to 1152, R. S. 1919; State ex rel. v. Griffin, 7 Tenn. Civ. App. 230,

253; McPherson v. Day, 144 N. W. 4; Sams v. State, 180 S. W. 173.   (4)   The jurisdiction of the juvenile court has always been liberally construed.   State ex rel. Coffield v. Buckner, 198 Mo. App. 230; State ex rel. v. Griffin, 7 Tenn. Civ. App. 230; McPherson v. Day, 144 N. W. 4; Ex parte Willis, 57 Pac. 819; Sams v. State, 180 S. W. 173; Mattingly v. Commonwealth, 188 S. W. 370; Talbot v. Commonwealth, 179 S. W. 621.

*W. G. Lynch* for respondents.

(1)   The circuit court had jurisdiction of the subject-matter, namely, the crimes charged against relator. Laws 1921, p. 220 et seq.   (a)   Where a court has jurisdiction of the subject-matter, and the question of its jurisdiction over the person turns upon some fact to be determined by the court, its decision, if wrong, is an error, for which prohibition will not lie.   State v. Calvird, 191 S. W. 1080; 32 Cyc. 605; Railroad v. Rogers, 52 W. Va. 450, 6 L. R. A. 178; State v. McElhenney, 97 S. W. 161.   (b)   Prohibition does not lie to correct errors of the trial court, which can be corrected by appeal or writ of error.   State v. Burney, 186 S. W. 28.   The general rule is that where the judicial action complained of was within the jurisdiction of the court, prohibition will not lie, however erroneous the action may be which the superintending tribunal is asked to prohibit.   State ex rel. v. Riley, 203 Mo. 175, 12 L. R. A. (N. S.) 900; State v. Withrow, 108 Mo. 1.   (c)   The question of the age of relator, and the question whether relator was a ward of the juvenile court, had to be passed upon by the judge of the circuit court, in the first instance, and if that court had jurisdiction to pass upon those questions, its decision cannot be controlled by prohibition, however erroneous.   State v. Burney, 186 S. W. 28; State v. Stobie, 92 S. W. 196.   (2) The question of *res judicata* does not arise in the case. 2 Black on Judgments, p. 764, sec. 504.   The court did not adjudge, or by its judgment judicially determine, the age of relator.   Nevins v. Coleman, 198 Mo. App. 252;

23 Cyc. 669. A finding of relator's age in 1919 would not be conclusive as to relator's age in 1923. 2 Black on Judgments (2 Ed.) p. 925, sec. 609. It was not essential to the jurisdiction of the juvenile court in March, 1919, that that court at that time should find that relator was twelve years of age. Its jurisdiction would attach if he were at that time a day under eighteen. 2 Black on Judgments (2 Ed.) secs. 612, 614. The construction of Juvenile Court Law insisted upon by relator would render it unconstitutional. Ex parte Loving, 178 Mo. 194.

JAMES T. BLAIR, J.—Relator, by next friend, instituted this proceeding to prohibit the further prosecution of criminal charges which are pending against him in Division A of the Circuit Court of Jackson County. In the beginning the then judge of Division A and the prosecuting attorney were made respondents. After the preliminary rule issued and the returns came in, leave to amend the application was applied for and granted (December 12, 1923), and all the circuit judges of Jackson County were brought in, to the end that the system of rotation of judges in Division A might not rotate relator's chosen adversary out of the division and out of the case and relator out of court, but that the judgment might reach whatever judge was sitting in Division A when it was rendered.

Relator alleges that there are three charges of crime pending against him in Division A of the Jackson Circuit Court. In this division criminal cases are tried. The accusation in each case is of robbery in the first degree. He has been arraigned on all three charges and is at liberty on bonds aggregating $40,000. It is further alleged relator "is now a minor under the age of eighteen years; that he will become eighteen years of age on the 20th day of October, 1923;" that in February, 1919, relator "was adjudged by the Judge of the Juvenile Court of Jackson County, Missouri, a ward of said juvenile court" and that the jurisdiction of that court over relator's person continues under the statutes until

he reaches the age of twenty-one years, and that in these circumstances the juvenile court alone has jurisdiction to proceed against him for crime. Relator then alleges particularly the existence, constitution and jurisdiction of the Juvenile Court of Jackson County, and proceeds:

"Relator further avers that by reason of the fact that he is already a ward of the Juvenile Court of Jackson County, Missouri, having been adjudged the same as aforesaid, and of the fact he was not of age and will not become so until the 20th day of October, 1923, the above named judges of the Circuit Court of Jackson County, Missouri, Criminal Division A, which are now presiding or which will hereafter preside over said court, have not now or have they ever had jurisdiction to hear the above entitled and numbered causes, but that said jurisdiction is exclusively vested by the statutes of the State of Missouri in the juvenile court, which is a branch of the Circuit Court of Jackson County, Missouri.

"Relator further avers that he has no other plain, adequate and complete remedy at law except the application of this writ, and your relator therefore prays for a preliminary rule in prohibition commanding the above named judges to desist from further action on any of said cases so docketed in said Criminal Division A of said Circuit Court of Jackson County, Missouri, and the said Clarence A. Burney to desist from further prosecutions relative thereto, until such time when the defendants herein can show cause why they should retain jurisdiction in the premises; and that the court herein upon said hearing make said writ of prohibition permanent, and if necessary that the court appoint a special commissioner to take testimony to ascertain the issues herein presented, and for such other and further relief as the court may deem just and proper in the premises."

Attached to the original petition are copies of an information and two indictments, each of which charges relator with robbery in the first degree. There is also attached what purports to be a transcript of testimony of relator's mother and brother taken on a motion to

transfer one of the cases to the juvenile court. Their testimony accords with the age alleged in the petition. There is no reference to this testimony in the petition, original or amended, and no reference to the motion to transfer. A copy of a motion to transfer in one case (C-299) has been filed with the papers and is printed in the abstract. There is in the abstract a statement that a motion to transfer was filed and overruled. The returns are not attached and the case has proceeded on the theory that they raise the questions discussed by respondents' counsel.

Relator contends (1) that the overruling of the motion to transfer constituted a collateral attack on the judgment of the juvenile court of February, 1919, "since said court had in an original proceeding adjudged relator's age at a time when the issues were the same as well as the parties thereto; the finding of said juvenile court is so adjudicated;" (2) the criminal court has no jurisdiction; "the proceedings should have been filed and a trial had in the juvenile court charging your relator as a delinquent child;" (3), "When once the jurisdiction of the juvenile court attaches, it continues and  .  .  .  is exclusive until the minor reaches his majority;" (4), "The jurisdiction of the juvenile court has always been liberally construed."

I. The statute (Secs. 2591 et seq., R. S. 1919; Laws 1923, p. 153 et seq.) expressly provides that "when jurisdiction has been acquired under the provisions" of the Juvenile Court Law for counties of 50,000 or more "over the person of a child, such jurisdiction shall continue, for the purpose of this article, until the child shall have attained its majority." Respondents contend this cannot be applied literally without rendering the act in that respect unconstitutional, since, it is insisted, it would place some minors between the ages of eighteen and twenty-one under the jurisdiction of the juvenile court and others of that age under that of the

*Application of Statute in Different Proceeding.*

criminal court.   Ex parte Loving, 178 Mo. 194, is cited.
That case announces the familiar rule that a classification
of subjects for legislative purposes must not be arbi-
trary, but must be based upon distinctions and reasons
which mark out a class and justify the application to it
of the legislation in question.   The application of the
quoted provision to minors between eighteen and twenty-
one who have been previously found to be proper sub-
jects of the jurisdiction of the juvenile court does not vio-
late this principle.   On the contrary, the classification is
founded upon the pertinent distinction that the children
affected have been found, previous to their attainment of
the age of eighteen, to be delinquent children and are by
that fact drawn into a class with respect to which ap-
propriate legislation may be enacted without violation
of the prohibition against special laws.   However, a
majority of the court is of opinion that the quoted stat-
utory language is to be construed to mean that when the
juvenile court obtains jurisdiction of a delinquent its
retention of that jurisdiction until such delinquent at-
tains the age of twenty-one is a retention for the pur-
poses of the proceeding in which jurisdiction was ob-
tained, and is not to be construed as excluding the juris-
diction of the criminal courts to proceed against the
youth, after he attains the age of eighteen, on charges of
crime committed between that time and his attainment
of the age of twenty-one.

II.   Under the Juvenile Court Act in question (Sec.
2594, R. S. 1919; Laws 1923, pp. 155, 156) it is provided
that:

"When in any such county a child under the age of
eighteen years is arrested with or without warrant, such
child shall, instead of being taken for trial before a jus-
tice of the peace or police magistrate, or
judge of any other court now or hereafter
having jurisdiction of the offense charged,
be taken directly before such juvenile
court; or if the child shall have been taken before a

*Jurisdiction: To Ascertain Delinquent's Age.*

justice of the peace or a police magistrate or judge of such other court, it shall be the duty of said justice or police magistrate or judge to transfer the case to such juvenile court, and of the officer having the child in charge to take such child before said court, and the said court shall proceed to hear the case in accordance with the law for the trial of such offenses.''

In view of the fact that the statute imposes upon the court before whom a child under eighteen is taken after arrest, to ''transfer the case to such juvenile court,'' it necessarily places upon some one the duty to ascertain whether the arrested person is under eighteen. In this case, which attacks the *jurisdiction* of the circuit court to proceed with the trial of relator as for crime under the general law, it is not denied that the duty, so far as concerns this proceeding, was one which would have rested upon the circuit court itself under ordinary circumstances. Relator filed in Division A of the Circuit Court a motion to transfer one of the cases against him. The petition does not allege that any evidence in support of the motion was offered. Attached to the application for the rule is the testimony of relator's mother and his brother, both of whom say relator became seventeen October 20, 1923. At the close of their testimony the assistant prosecuting attorney asked ''a day's time to investigate.'' ''THE COURT: 'Time is granted the State to investigate.' MR. COMBS: 'And the motion is denied at this time?' THE COURT: 'Why, certainly.' '' In his record relator has printed the following:

''State of Missouri

v.                                      #6801

Pete Carello

''Now comes Pete Carello, aged twelve (12) years, in person and by the probation officer, and it appearing to the court from the evidence that said child is delinquent, it is ordered and adjudged by the court that said Pete Carello become a ward of this court and that he be committed to the McCune Home for two years.''

This order made by the juvenile court on March 21, 1919.

1.   The suggestion that the jurisdiction of the court ended with the period of detention in the McCune Home conflicts with express provisions of the statute, already quoted.

2.   Respondents make no complaint that the judgment of the juvenile court was not properly brought into the case, but discuss its effect on the assumption that it is to be considered.   We shall pursue the same course.

*Estoppel by Judgment.*   In this case there is no question of *res adjudicata* in the broader sense.   Nor does the rule . as to "estoppel by verdict" or judgment apply.   To make that rule applicable "the point or question" must "have been *actually* litigated and determined in the original action."   [Murphy v. Barron, 286 Mo. l. c. 410, and cases cited.]   While "it is the general duty of the court trying a case to find upon all the issuable facts, yet *findings* which are not necessarily included in and become a part of the judgment, are not conclusive in other actions.   Even where such findings are *confirmed by final judgment,* they are adjudications only so far as they are necessarily included in and become a part of the judgment."   [2 Black on Judgments (2 Ed.) sec. 687, p. 1038; Nevins v. Coleman, 198 Mo. App. l. c. 259, and cases cited.]   The order of March 21, 1919, contains no *finding* that relator was only twelve years of age at that time.   It is a mere recital.   The court did make a finding that the "child was delinquent" and founded on this a judgment that he be committed to the McCune Home for two years.   The sole finding of fact as to his age *necessarily implicated* in either the finding expressly made or the judgment rendered was that relator was then under seventeen years of age.   No other finding was essential to the order made, so that the record does not show "that the verdict could not have been rendered without deciding the particular matter" now asserted to have been found by the court.   [15 R. C. L. p. 977.] In view of this conclusion it is unnecessary to discuss

the effect of a finding in the juvenile court in a proceeding not criminal (State ex rel. Matacia v. Buckner, 300 Mo. 359, 254 S. W. 179) when that finding is offered as a basis of estoppel excluding jurisdiction of a criminal court to try one for crime. [15 R. C. L. p. 1000, et seq.]

III. The trial court was not, as a matter of law, compelled to believe the testimony on the motion to transfer. In fact, when the ruling it made is properly understood, it did not pass on it. It deferred a **Prohibition.** finding. What was said in connection with the ruling clearly was designed to permit the State to offer countervailing evidence. No such evidence is shown to have been offered, and there is neither allegation nor showing that it was not offered, nor does it appear any subsequent ruling was made. In any event, it cannot be held that as a matter of law the testimony in question was true and by that fact deprived the trial court of jurisdiction. It was the duty of that court, so far as any contention now made by relator is concerned, to pass on the question whether relator was under eighteen. There was no conclusive showing, on the motion to transfer, that he was, and there has been no new evidence, which tends to prove it, offered here. If relator is under eighteen, the juvenile court has jurisdiction. No showing of this fact is so made that it will support the absolute writ.

The preliminary rule is discharged. *Woodson, C. J., White* and *Ragland, JJ.,* concur; *David E. Blair, J.,* concurs in the result in an opinion to be filed.