## EX PARTE CLAIRE RUSH, Petitioner.

### In Banc, July 31, 1924.

HABEAS CORPUS: Imprisonment in Penitentiary: Child Under Seventeen Years of Age: Question for Trial Court.   The writ of *habeas corpus* cannot be employed to release a petitioner from imprisonment in the penitentiary on the ground that he is under age for imprisonment there, unless the fact that he is under such age appears from the record of his conviction.   The question whether he was to be proceeded against as a minor under seventeen years of age, or as a person above that age, inevitably involved a decision of the question of his age, and a finding that he was above that age was necessarily implicated in the judgment of the circuit court sentencing him to imprisonment in the penitentiary, and the Supreme Court therefore has no jurisdiction to inquire into his age in a *habeas corpus* proceeding, in the absence of any showing by the record of his conviction and sentence that he was under seventeen years of age.

Headnote 1: Habeas Corpus: 29 C. J. par. 20.

*Habeas Corpus.*

PETITIONER REMANDED.

*David W. Peters* for petitioner.

*Jesse W. Barrett,* Attorney-General, and *George W. Crowder,* Assistant Attorney-General, for respondent.

JAMES T. BLAIR, J.—*Habeas Corpus*. By information filed September 9, 1922, in the Circuit Court of St. Louis County, petitioner was formally charged with burglary and larceny, alleged to have been committed by him on July 29, 1922. On November 8, 1922, petitioner was indicted for assault with intent to kill with a deadly weapon. This offense was charged to have been committed on October 15, 1922. In December, 1922, petitioner was tried and found guilty by the jury. On December 18, 1922, at the same term, he pleaded guilty to the burglary and larceny charge. Thereafter, on the same day, he was duly sentenced on the verdict and on his plea of guilty to a term of ten years imprisonment on each charge. The judgment in each case provides that the two sentences shall run concurrently. The formal regularity of the proceedings leading to the sentence in each case is not questioned, and there is no contention there is anything on the face of the record which tends to give support to this application. The contention of the petitioner is that he did not, in fact, become seventeen years of age until November 3, 1923; that his offenses were committed before that date; and that under the Juvenile Court Law then in force there, the circuit court had no jurisdiction to proceed against and convict him of crime in the way it did proceed; and that in this proceeding he is entitled to offer evidence and try an issue as to his age.

Petitioner offers affidavits to establish his age. The custodian of records of vital statistics in Floyd County, Iowa, certifies that his record for the years from 1890 to 1906 do not show petitioner's birth at all, but that he "had previously discovered that the records" in his office "of births of persons who were born in Floyd County, Iowa, *along about* the period from A. D. 1890 to A. D. 1906 are very incomplete." S. C. Rush makes affidavit that petitioner is his son and was born in Charles City, Iowa, November 3, 190 . R. L. Page, petitioner's uncle, certifies to the same thing. Charles City is in Floyd County. Judge John W. McElhinney, who sentenced pe-

titioner, states that "so far as I remember, the question of the age of the said Claire Rush was not raised by either the State or the defense, and there was no finding by the court as to the age of the said Claire Rush at the time the offenses were committed as set out in the information and indictment upon which he was at the time convicted and sentenced to the penitentiary for a term of ten years, and, further, that the jail record shows, and the deputy sheriff then and now in charge of the jail informs me, that said Rush in March, 1922, and in August, 1922, gave his age as nineteen years. In testimony whereof," etc. Petitioner attaches these affidavits and certificates to his application. He did not produce the jail record or the affidavit of the deputy referred to by Judge McElhinney. Neither did the State. Counsel for the State, "for the purposes of this case," generously concedes that petitioner was "under 17 at the time he committed the crimes for which he was sentenced to the penitentiary" but adds that petitioner "himself shows he had attained and passed his 17th birthday at the date of the sentences."

The contentions concerning certain features of the Juvenile Court Law in force in 1922 need not be investigated. Whatever answer might be made to them, yet the question of this court's jurisdiction to inquire into petitioner's age in this *habeas corpus* proceeding is decisive. In the prosecution of petitioner the question was whether he was to be proceeded against as a minor under seventeen years of age or as a person above that age inevitably involved a decision of the question of his age. It is a finding necessarily implicated in the judgment. That question was one which it was the unavoidable duty of the circuit court to decide. [State ex rel. Corella v. Pence, 262 S. W. 360.] The writ of *habeas corpus* cannot be employed to release one from the penitentiary who is under age for imprisonment there unless the fact that he is under such age *appears from the record of conviction.* This court has so held. [Ex parte Kaufman, 73 Mo. 588.] In the same case, in reference to the matter of age, it was

said: ''As this fact does not appear in the record, and was not made known in the *nisi prius* court, we know of no law which would authorize us to try the question as to whether the fact asserted is true or false. The duty of trying this question belonged to the court where the trial of petitioner was pending, and in which the judgment was rendered, and the petitioner should have given that court an opportunity of performing the duty by raising the question of non-age there, instead of undertaking to have it investigated here.'' This decision has been re-affirmed as late as Ex parte Lee, 248 Mo. 1. c. 6. The exercise of jurisdiction by the circuit court necessarily involved a finding of petitioner's age, if petitioner's position concerning jurisdiction is accepted. [In re Wallace, 75 Kansas, 435, 436.] ''If the record was silent on the subject of age, it being a case where written findings are not required, the presumption would be, that the court had done its duty, and found the fact to be such as to warrant the judgment given.'' [Ex parte Williams, 87 Cal. 1. c. 81; Thornton v. Baker, 15 R. I. 553; Ex parte Ah Men, 77 Cal. 198; People v. Liscomb, 660 N. Y. 571.]

The trial court was one of general jurisdiction. Its judgment is not open, in proceedings of *habeas corpus*, to a collateral attack of the sort attempted to be made here. Its record is conclusive so far as this proceeding is concerned. Whether there is another remedy (Ex parte Gray, 77 Mo. 1. c. 161, 162; Ex parte Samuel Cohen, 159 Mo. 1. c. 663) is a question not open for decision.

The petitioner is remanded. All concur, except *White, J.*, absent.