**Donald C. STUBENROUCH, Petitioner,**

v.

**SHERIFF OF ST. LOUIS COUNTY, CLAYTON, MISSOURI, Respondent.**

**No. 1142.**

United States District Court
W. D. Missouri,
Central Division.

Nov. 22, 1966.

Donald C. Stubenrouch, pro se.

No appearance made for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Paragraph 1 of the pending petition for federal habeas corpus contains the following:

> Note: Petitioner would like to point out, that he is not contesting this present incarceration but the incarceration in the St. Louis County jail, in Clayton, Missouri, for which there is a detainer filed at the Missouri Penitentiary to return this defendant to the Clayton Jail after Completion of this present sentence.

Other allegations indicate that the detainer complained of was filed in connection with an unserved one year sentence imposed on January 11, 1963 by the Circuit Court of St. Louis County at Clayton, Missouri. Petitioner makes clear that he is not in custody under that sentence but is serving another sentence about which he does not complain.

Petitioner also alleges that on July 26, 1966, he filed a Missouri Rule 27.26, V.A.M.R. motion to vacate the detainer sentence imposed January 11, 1963. Pe-

titioner alleges in this Court that he raised many federal claims in that Missouri Rule 27.26 motion. He also alleges that the State committing court will neither rule nor acknowledge receipt of that motion. He alleges that such motion was delivered by registered mailed to his committing court and that he has a receipt evidencing delivery. By implication, petitioner contends that his available state remedies have been exhausted and that this Court should exercise jurisdiction over petitioner's case.

■ It is apparent that petitioner seeks to have this Court adjudicate the legality of a sentence under which he is not in custody and which he has not yet begun to serve. This Court is not vested with jurisdiction to hear and determine the legality of petitioner's detainer sentence.

■■ All sections of Chapter 153 of Title 28, United States Code, conferring jurisdiction in habeas corpus requires that the petitioner be "in custody" under the particular sentence subject to attack. If petitioner were a federal prisoner, his federal committing court would probably have jurisdiction to test the legality of a sentence imposed by such court, service of which had not yet been commenced. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), teaches that in regard to federal prisoners jurisdiction in the nature of *coram nobis* is conferred upon a federal committing court by the All Writs Section of the Judicial Code (28 U.S.C. § 1651(a)). That jurisdiction, however, extends only to provide a postconviction remedy for federal convicts not otherwise provided by Section 2255 of Title 28, United States Code, in order that the validity of sentences already served or the validity of sentences to be served may be tested in the particular federal court that imposed the particular sentence involved. See Burns v. United States, W.D.Mo.1962, 210 F.Supp. 528 at 530. Cf. Thomas v. United States, 1959, 106 U.S.App.D.C. 234, 271 F.2d 500.

■ *Coram nobis* was recognized as an available postconviction remedy in Missouri during its early judicial history; indeed, that remedy was recognized to be broader than the scope of Missouri habeas .corpus. Ex Parte Toney, 11 Mo. 661 (1848); Ex Parte Gray, 77 Mo. 160 (1882); Ex Parte Cohen, 159 Mo. 662, 60 S.W. 1031 (1901); and Ex Parte Rush, 305 Mo. 121, 264 S.W. 689 (1924). Whether that recognized postconviction remedy survived after the en banc decision of the Supreme Court of Missouri in Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94 (1930), and whether Missouri Rule 27.26 absorbed the earlier recognized postconviction *coram nobis* remedy are questions that must be answered by the Supreme Court of Missouri and not by this Court. White v. Swenson, W.D.Mo. en banc 1966, 261 F. Supp. 42, decided November 2, 1966, makes clear that Missouri's postconviction remedies for testing the legality of a sentence under which a particular convict may be in custody are adequate and available to test the detainer sentence here involved, if and when the petitioner is actually confined under that sentence. Whether petitioner has a State remedy to make a prior test of his detainer sentence under existing Missouri law does not affect this Court's habeas corpus jurisdiction. The Congress has not vested this Court with *coram nobis* jurisdiction in connection with State convicts and we can not exercise habeas corpus jurisdiction except in connection with a convict in custody under the particular state sentence under attack.

For the reasons stated, we hold that we do not have jurisdiction because it is apparent that petitioner is not in custody under the sentence about which complaint is made. It is therefore

Ordered that petitioner's petition for federal habeas corpus be dismissed without prejudice.