*Exparte Toney.*

---

IN THE MATTER OF TONEY, ALIAS WILLIAM MORTON—ON HABEAS CORPUS.

1. Neither the Supreme Court, nor any other court or Judge can on a petition for a *habeas corpus*, investigate the legality of a conviction in, or a judgment of a court of competent jurisdiction.

2. A person convicted and sentenced as a free person to imprisonment in the penitentiary can not be discharged on a *habeas corpus,* on the petition of a person alledging such convict to be his slave.

3. If a slave be committed and sentenced to the penitentiary, such fact not appearing in the record, it is an error of fact, and may be corrected by the court in which the judgment was rendered, on a writ of error *coram vobis.*

In July, 1842, Toney, a slave, escaped from the service of his master, Thomas Williams, who resided in Montgomery county in the State of Tennessee, and came to St. Louis in this State. Whilst in that county, he committed four grand larcenies, for which he was severally indicted and tried at the July term of the Criminal Court of St. Louis county, and sentenced to eleven years imprisonment in the penitentiary. He was arraigned as a free person by the name of William Morton, and on his arraignment pleaded guilty to the several indictments. His master, who had not heard of him since his escape in 1842, being informed of his confinement in the penitentiary here, sent on an agent, Wm. H. Stuart, who identified the slave, and on his behalf, who freely consents to this proceeding, and as agent for his owner, applied to this Court for a writ of *habeas corpus* for the discharge of the slave, as the law does not warrant his confinement in the penitentiary for the offences of which he was convicted, he not being a free person. These facts appearing in the petition and the exhibits thereto, it was agreed by the parties, that the right of the prisoner to his discharge should be determined on the application for the writ.

In deciding on the propriety of discharging a prisoner on *habeas corpus,* this Court exercises no appellate jurisdiction. In the exercise of this power, it is confined within the same limits which would restrain a Judge of the Circuit or County Court in its exercise. It can give no other or greater relief than is afforded by these officers. If the idea of all appellate jurisdiction is discarded, it will be obvious that this Court nor no other court nor officer can investigate the legality of a judgment of a court of competent jurisdiction by a writ of *habeas corpus.* If the Court has jurisdiction of the subject matter and of the person, although its proceedings may be irregular or erroneous, yet, they cannot be set aside in this proceeding. The party must resort to his writ of error or other direct remedy to reverse or set aside the judgment, for in all collateral proceedings it will be held to be conclusive.

The sixth section of the third article of the act regulating proceedings on writs of *habeas corpus,* expressly directs, that the prisoner shall

be remanded if it appears that he is confined by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction. This plain and express provision existing, and being in consonance to settled principles, we do not feel ourselves authorized to look into other parts of the statute in order to ascertain whether relief may not be afforded by them, as we cannot suppose that the legislature intended to repeal it by any implication.

There is then the judgment of a court of competent jurisdiction, authorizing the confinement of the prisoner, and we cannot, in this collateral proceeding, question the correctness of that judgment. The judgment of the court is, however, erroneous, and on the facts assumed, the party is entitled to some remedy. The error is one of fact. As the record stands it warrants the judgment, and it is an error of fact which produces this difficulty. If the prisoner was a slave and it so appeared on the record, the judgment would be clearly erroneous. It is settled, that for an error in fact in the proceedings of a court of record, a writ of error *coram vobis* will lie to revoke the judgment, whether it be a court of civil or criminal jurisdiction. 2 Tidd, 1191-2.

If a judgment is rendered against an infant who appears by attorney, this is an error of fact for which a writ of error *coram vobis* will lie. So, if a judgment is rendered against a married woman who is sued as a feme sole; and so, it is conceived, of a judgment sentencing an infant under sixteen years of age to imprisonment in the Penitentiary, as our statute does not permit such punishment to be inflicted on him.

No difference is seen between those cases and that now before the Court, and as the prisoner consents and is anxious for his discharge, we are of opinion that the Criminal Court of St. Louis county can award the writ and give the party such relief as he is entitled to by law.

Writ denied, the other Judges concurring.