## Ex Parte Jasper Page.

1. *Habeas corpus — Grand larceny — Imprisonment for ten years — Remedy.* — A sentence of ten years' imprisonment on conviction of grand larceny is illegal (Wagn. Stat. 457, § 26), and the prisoner may be discharged under a petition for *habeas corpus* brought to this court. Where the error in the action of the court is one of fact *dehors* the record, this court will not interfere under that form of remedy. But in the case supposed, it appears on the face of the record that the court in passing sentence exceeded its jurisdiction, and did not act by authority of any provision of law. Hence, under the statute (Wagn. Stat. 690, § 35) this court is authorized to interfere. But it has no power simply to reduce the term of imprisonment so as to bring it within the statutory limit.

*Petition for Habeas Corpus.*

*Lay & Belch*, for petitioner.

WAGNER, Judge, delivered the opinion of the court.

It appears from the record submitted to this court that the petitioner was indicted in the Osage Circuit Court for the crime of grand larceny, that he confessed his guilt, and that the court

sentenced him to ten years' imprisonment in the penitentiary. He has already served out four years of the time for which he was sentenced, and he now asks to be discharged on the ground that his sentence was illegal.

The statute provides that persons convicted of grand larceny shall be punished as follows: "First, stealing a horse, mare, gelding, colt, filly, mule, or ass, by imprisonment in the penitentiary not exceeding seven years; second, in all other cases of grand larceny, by like imprisonment, not exceeding five years." (Wagn. Stat. 457, § 26.) In no case, therefore, does the statute authorize, for any of the offenses which constitute grand larceny, a sentence for more than seven years' imprisonment. Hence the judgment of imprisonment for ten years was in violation of the statute and palpably illegal. It would have been reversible on writ of error or appeal, as a matter of course. Can this court furnish the required remedy in this proceeding? The general principle is that on a hearing of a writ of *habeas corpus*, when it appears that the prisoner is detained by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, no inquiry into the regularity of the proceedings which resulted in the judgment can be had. For all such errors or irregularities the law provides other remedies. (Wagn. Stat. 689, § 33; *Ex parte* Toney, 11 Mo. 661; *In re* Truman, 44 Mo. 181.) But the statute by an express enactment declares that when a prisoner is brought up on *habeas corpus*, if it appear that he is in custody by virtue of process from any court legally constituted, or issued by any officer in the service of judicial proceedings before him, such prisoner can be discharged only in one of the following cases: "First, where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person." * * * Sixth, where the process is not authorized by any judgment, order or decree, nor by any provision of law. (Wagn. Stat. 690, § 35.)

It seems to me that the court in passing the sentence exceeded its jurisdiction in the matter, and that it did not act by authority of any provision of law. This application, therefore, I think comes within the meaning of the statute.

It has been suggested that if the prisoner is not discharged, we should reduce the term so as to bring it within the limit prescribed by statute.    But we know of no authority empowering us to act in proceedings of this kind.    The statute makes it the duty of this court to examine the record and award a new trial, reverse or affirm the judgment or decision of the lower court, or give such judgment as that court ought to have given.    But that provision in express terms is confined to appeals and writs of error, and can have no application in the present case.    We are not aware of any authority by which we can undertake to modify a criminal sentence.

In England the settled practice is that where the inferior court on a valid indictment transcends its power in passing sentence, by giving one which the law does not authorize, the superior or appellate court will neither pass the proper sentence nor send back the record to the court below, in order that they may do so, but that they will reverse the judgment and discharge the prisoner.    (The King v. Ellis, 5 Barn. & Cress. 395; The King v. Bonne, 7 Ad. & Ellis, 58.)

There are numerous American cases where the question has been raised in reference to the courts passing sentences not in conformity with law, but they have all been prosecuted by writ of error or appeal, and I have been unable to find any where the point has been raised on a petition for *habeas corpus*.

In *Ex parte* Toney, above referred to, the court laid down the doctrine that on a petition for a *habeas corpus* it would not investigate the legality of a conviction, or a judgment of a court of competent jurisdiction.    The facts in that case were that a runaway slave, while going at large and pretending to be a free man, committed several larcenies, for which he was indicted, arraigned, convicted and sentenced to imprisonment as a free person.    His master subsequently hearing of him, and ascertaining that he was confined in the penitentiary, made application for his discharge on a writ of *habeas corpus*.    This court, in denying the writ, said : " There is, then, the judgment of a court of competent jurisdiction, authorizing the confinement of the prisoner, and we cannot in this collateral proceeding question the

correctness of that judgment. The judgment of the court is, however, erroneous, and on the facts assumed the party is entitled to some remedy. The error is one of fact. As the record stands it warrants the judgment, and it is an error of fact which produces this difficulty. If the prisoner was a slave and it so appeared on the record, the judgment would be clearly erroneous. It is settled that for an error of fact in the proceedings of a court of record, a writ of error *coram nobis* will be to revoke the judgment, whether it be a court of civil or criminal jurisdiction. (2 Tidd, 1191–2.) If a judgment is rendered against an infant who appears by attorney, this is. an error of fact for which a writ of error *coram nobis* will lie. So if a judgment is rendered against a married woman who is sued as a *feme sole;* and so, it is conceived, of a judgment sentencing an infant under sixteen years of age to imprisonment in the penitentiary, as our statute does not permit such punishment to be inflicted on him."

But in the case just quoted it will be perceived that the error was one of fact, provable by extrinsic evidence *dehors* the record. The record as it stood warranted the judgment, and the error of fact produced the difficulty. In such a case the court would not in a collateral proceeding undertake to revise the judgment. But in the case we are now considering, the question presented is far different. The error here does not arise out of matter of fact, but is patent on the face of the record. The record proper shows that the judgment of the court in passing sentence was illegal; that it was not simply erroneous or irregular, but absolutely void, as exceeding the jurisdiction of the court and not being the exercise of an authority prescribed by law.

I think, therefore, that the prisoner is illegally restrained, and that he is entitled to be discharged, and with the concurrence of the other judges it will be so ordered.