## Ex Parte SAMUEL COHEN, Alias GEORGE HARRIS.

### Division Two, February 12, 1901.

Sentence to Penitentiary: PERSONS UNDER SIXTEEN: HABEAS CORPUS: TRANSFER TO REFORMATORY. The petitioner pleaded guilty to an assault to commit a robbery and to two indictments for robbery, and was sentenced on said several pleas to imprisonment in the penitenitary. Afterwards, on motion, the circuit court took evidence and found he was under sixteen years of age at the time he committed the crimes, and set aside said judgments. Thereupon he began habeas corpus in this court for his discharge. *Held*, that he could not be discharged, but would be by this court transferred to the reformatory school, it having been the duty of the court which heard the motion to set aside the judgment, to sentence him to the proper place for the correct length of time.

### *Habeas Corpus.*

WRIT DENIED.

*F. E. Luckett* for petitioner.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for respondent.

GANTT, J.—Petition for writ of habeas corpus.   The petitioner seeks by writ of habeas corpus to be discharged from

the state penitentiary.    The writ was granted, and the warden in due time made his return.

The following facts appear.

The petitioner was indicted in the criminal court of Buchanan county at the March term, 1898, for an assault to commit a robbery, and in two other indictments for robbery in the first degree.    He was duly arraigned, and pleaded guilty to each indictment.    He was sentenced on each indictment: on the first, to two years' imprisonment in the penitentiary; on the second, to five years, beginning at the expiration of the first sentence; and on the third, to five years, beginning at the expiration of the second sentence.    He was in due time committed to the penitentiary upon these several sentences and is now in the custody of the warden.

In his petition, he represents to the court that on December 5, 1900, he filed in the criminal court of Buchanan county his motion to set aside, vacate, and for naught hold said several sentences on the ground that at the time he committed the several crimes for which he was sentenced by said criminal court, he was under the age of sixteen years.    That said court upon a hearing set aside said judgments.    Wherefore he asks to be discharged.

In Ex parte Gray, 77 Mo. 160, it was ruled upon the authority of the early case of Ex parte Toney, 11 Mo. 661, that it was proper practice to bring the error of fact in the proceedings of a court of record before said court by motion supported by evidence, and the fact that a minor under sixteen years was such a fact as a court would correct upon such a motion.

It was, however, further ruled in Ex parte Gray, *supra,* that while the minor so improperly sentenced to the penitentiary was entitled to be released from the penitentiary, the statute, sections 1996 and 2659, Revised Statutes 1879, pro-

vided that "no person shall be discharged under the provisions of the habeas corpus act . . . . . . . for the reason that the judgment was erroneous as to time or place of imprisonment," but in such case the court or officer hearing the case is required to sentence such person to the proper place of confinement and for the correct length of time, and cause the officer having the prisoner in charge to convey him to such designated place.

What then, is the result of setting aside the judgment of the criminal court? It leaves the pleas of guilty still pending, and it is made the duty of this court to sentence the person to the proper place of confinement. [Ex parte Bethurum, 66 Mo. 545.]

The statute governing this case at the time the defendant entered his several pleas of guilty was section. 3961, Revised Statutes 1889, which provided: "Whenever any person shall be convicted of any felony committed while under sixteen years of age, he shall be sentenced to confinement in the reformatory school for a period of one year or more, or until he shall become twenty-one years of age, or to imprisonment in the county jail not exceeding one year, instead of imprisonment in the penitentiary." Proceeding then in obedience to the statute, it is considered, ordered and adjudged that the petitioner Samuel Cohen, alias George Harris, by which latter name he was indicted and convicted, be and he is hereby ordered released from his imprisonment in the state penitentiay under the said several sentences of the criminal court of Buchanan county, and he is hereby sentenced to the reformatory school at Boonville, Missouri, until he shall become twenty-one years of age, for the crime of robbery in the first degree, as charged in the second indictment, to which he pleaded guilty, said imprisonment to date as and from May 23, 1900, the said petitioner having already served the full amount of the punishment assessed against him on the indict-

ment for assault with intent to commit robbery.    It is further ordered that the warden of the penitentiary who now has the petitioner in custody, deliver him to the marshal of this court to be by him delivered to the officers in charge of the reformatory school at Boonville to be there confined until he is twenty-one years of age.

All concur.