EX PARTE JOSEPHINE ARLINE GRIGGS, Petitioner, v. SUPERINTENDENT OF COLONY FOR FEEBLE-MINDED AND EPILEPTIC, Respondent.

In the Kansas City Court Of Appeals, March 16, 1923.

HABEAS CORPUS: Insane Persons: Petitioner's Confinement in Institution for Feeble-minded Persons Held without Authority of Law. Where petitioner, thirteen years of age, was charged under section 1546, Revised Statutes 1909, with being incorrigible and immoral, adjudged guilty as charged and sentenced to the State Industrial Home for Girls, "until she reaches the age of twenty-one years," and the Governor of the State, upon the declaration of a physician of the industrial home that petitioner was feeble-minded, under section 12302, Revised Statutes of Missouri, 1919, directed sheriff to convey her to the colony for the feeble-minded, "there to be detained until restored to reason," no inquiry being had or adjudication rendered finding her to be of feeble mind, nor opportunity afforded her to be represented at any hearing, *held* her confinement in the institution for feeble-minded was without authority of law, the section in Article 7, Chapter III, relating to State Hospitals for the insane, having no reference to the colony for the feeble-minded, sections 1496 and 12391, Revised Statutes 1919, being applicable, petitioner was entitled to be discharged.

BY THE HABEAS CORPUS ACT.

Petitioner ordered conveyed to Industrial Home for Girls and thereafter discharged from custody of Respondent.

*L. A. Laughlin* for petitioner.

(304)

*Geo. B. Reinhardt* for respondent.

ORIGINAL PROCEEDINGS IN HABEAS CORPUS.

TRIMBLE, P. J.—Under section 1546, Revised Statutes 1909, the Prosecuting Attorney of Audrain County, Missouri, on March 26, 1917, filed an information before a Justice of the Peace of that county, charging petitioner, (then a female child of thirteen years, having been born on December 20, 1903), with being incorrigible to such extent that she could not be controlled by her parents and guardian in whose custody she had been, and with unlawfully associating with immoral, criminal, bad and vicious persons and with associating with male persons with whom she had sexual intercourse, and alleging that unless she was taken away from the custody of her associates and from her parents, she would become permanently an unchaste and immoral woman.

On March 27, 1917, the justice adjudged petitioner to be guilty as charged and thereupon sentenced her to the State Industrial Home for Girls at Chillicothe, Missouri, "until she reaches the age of twenty-one years," she being found to be a fit subject to be committed to said institution.

On February 15, 1923, the Governor of the State, upon the declaration of the Physician of said Industrial Home that petitioner was feeble-minded, and proceeding to act under section 12302, Revised Statutes 1919, issued his warrant reciting the fact that petitioner had been sentenced to the Industrial Home and had been declared by the Physician thereof to be feeble-minded, and directing the Sheriff of Livingston County to convey her to the colony for the feeble-minded and epileptic at Marshall, Missouri, "there to be detained until restored to reason." In accordance therewith, petitioner was taken to the institution at Marshall and has been confined there ever since. To test the legality of her confinement there, and to obtain her liberty and release therefrom, this application for a writ of *habeas corpus* is made. The writ was issued and the Superintendent of the Colony for Feeble-

214 Mo. App.—20.

minded and Epileptic has brought petitioner before us, stating in his return the facts and basis of her detention as hereinabove stated.

It will be observed that petitioner was sentenced to the Industrial Home for Girls until she becomes twenty-one years of age, not for any crime or misdemeanor, but on the ground that she was incorrigible and immoral and, unless taken from her surroundings and associates, would become a permanently unchaste and immoral woman. Under that sentence her term in the Industrial Home will expire December 20, 1924. On the mere statement or declaration of the Physician of the Industrial Home that she is of feeble mind, she has been transferred to the Colony for the Feeble-minded and Epileptic there to be kept "until restored to reason." No inquiry was had or adjudication was rendered finding her to be of feeble mind. Nor was any opportunity afforded her to be represented at any hearing. The result of all which is that instead of being confined in the Industrial Home where her sentence will soon expire, she is now confined in the other institution as a person of feeble mind to remain there, not until she becomes of age, but "until restored to reason." We think her confinement in the institution at Marshall is without authority of law.

Section 12302, Revised Statutes 1919, under which the Governor's warrant was issued, cannot, in our view, be made applicable to a case of this kind. It provides that: "If any person, after being convicted of any crime or misdemeanor" shall become insane before the execution of the sentence imposed, the governor may inquire into the facts and pardon such lunatic, or commute or suspend, for the time being, the execution of the sentence for such period as he may think proper, and may, by his warrant to the sheriff of the proper county or warden of the penitentiary, "order such lunatic to be conveyed to a state hospital and there kept until restored to reason." The section is in Article 7, Chapter 111, relating to State Hospitals for the insane and has no reference to the Colony for the Feeble-minded and Epileptic provided for

in Article 13 of said Chapter. The institution at Marshall is not a State Hospital and the only way in which persons are admitted thereto is contained or provided for in section 12391, Revised Statutes 1919. It follows, therefore, that the restraint and control over petitioner by the respondent, as Superintendent of the Colony for Feeble-minded, is without authority of law, and she should be discharged therefrom. However, petitioner is still under sentence of commitment to the Industrial Home for Girls at Chillicothe, Missouri, until she is twenty-one years of age and that institution is lawfully entitled to her custody. Under these circumstances we think that section 1496, Revised Statutes 1919, should be applied. It provides that: "No person shall be entitled to the benefit of the provisions of this article (the *Habeas Corpus* Act) for the reason that the judgment by virtue of which such person is confined was erroneous as to the time or place of imprisonment; but in such cases it shall be the duty of the court . . . to cause the officer or other person having such prisoner in charge to convey him forthwith to such designated place of imprisonment." Wherefore, respondent is ordered to convey the petitioner forthwith to the Industrial Home for Girls at Chillicothe or to immediately turn her over to the proper officer of that institution for conveyance thereto. [Ex Parte Samuel Cohen, 159 Mo. 662, 664.] When that is done and return to that effect is made, respondent is absolved from further responsibility for petitioner's custody, and from further obligation and duty under the writ issued herein. All concur.