STATE OF MISSOURI at the Relation of C. N. DUTTON, Sheriff of Vernon County, in the Matter of *Habeas Corpus* of LEE SWICK, Relator, v. NIKE SEVIER, Judge of the Circuit Court of Cole County and GUY STONE, Clerk of the Circuit Court of Cole County.—83 S. W. (2d) 581.

Court en Banc, June 12, 1935.

*Roy McKittrick,* Attorney General, and *W. O. Sawyers,* Assistant Attorney General, for relator.

*Irwin & Bushman* for respondent.

FRANK, C. J.—Certiorari to bring up the record of a *habeas corpus* proceeding from the Circuit Court of Cole County. One Lee Swick was charged by information in the Circuit Court of Vernon County with the crime of assault with intent to kill. On March 19, 1934, he entered a plea of guilty to said charge and was sentenced to serve a term of twelve years in the penitentiary. After his con-

finement in the penitentiary under said sentence, he brought *habeas corpus* in the Circuit Court of Cole County. After hearing the evidence in the *habeas corpus* proceeding the circuit court rendered judgment therein which, omitting formal parts, reads as follows:

". . . the court having seen and heard the proofs adduced, doth find that the petitioner is unlawfully restrained by the respondents; the court doth further find that petitioner stands charged with a crime and on that account cannot be discharged but is remanded to the sheriff of Vernon County, Missouri, to be dealt with according to law."

The charge to which petitioner entered a plea of guilty is contained in the following information:

"Dewey Routh, Prosecuting Attorney within and for Vernon County, and State of Missouri, upon his oath of office informs the Court that on or about the 11th day of March, 1934, in the said County of Vernon and State of Missouri, the Defendants, Lee Swick and Roy Fagor, did then and there wilfully and feloniously, and upon the bodies of one Woody Stonum and one C. N. Dutton, then and there being feloniously, on purpose and wilfully, and with a deadly weapon, to-wit, an automatic pistol, loaded with gun powder and leaden balls, which they, the said Lee Swick and Roy Fagor, then and there had and held, did then and there make an assault with the intent they, the said Woody Stonum and C. N. Dutton, then and there to kill, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Missouri."

■ The crime of assault with intent to kill may be charged to have been committed either with or without malice aforethought. If malice aforethought is charged, then upon conviction or a plea of guilty to the charge, Section 4014, Revised Statutes 1929, fixes the punishment at imprisonment in the penitentiary not less than two years. That section of the statute reads as follows:

"Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by imprisonment in the penitentiary not less than two years. [R. S. 1919, sec. 3262.]"

On the other hand, if malice aforethought is not charged, then upon conviction or a plea of guilty to the charge, Section 4015, Revised Statutes 1929, fixes the punishment at imprisonment in the penitentiary not exceeding five years. That section of the statute reads as follows:

"Every person who shall be convicted of an assault with intent

to kill, or to do great bodily harm, or to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by a fine not less than one hundred dollars and imprisonment in the county jail not less than three months, or by a fine of not less than one hundred dollars. [R. S. 1919, sec. 3263.]

We have heretofore set out the information filed against petitioner in the Circuit Court of Vernon County. That information does not charge that the assault was committed with malice aforethought, and for that reason it does not charge an offense under Section 4014, Revised Statutes 1929. However, the information does contain all of the necessary elements of the crime defined in Section 4015, Revised Statutes 1929, and, therefore, charges an offense under that section, the maximum punishment for which is fixed by that section at imprisonment in the penitentiary not exceeding five years. [State v. Seward, 42 Mo. 206, 208; State v. McDonald, 67 Mo. 13, 16.] The maximum punishment for the offense charged being not to exceed five years' imprisonment in the penitentiary, the court was without jurisdiction to impose a sentence of twelve years' imprisonment and for that reason its judgment is not merely erroneous but is absolutely void and subject to collateral attack on *habeas corpus*. While the court had jurisdiction of the crime charged against petitioner, it did not have jurisdiction to assess punishment in excess of that provided by law.

Where, as in this case, the record shows on its face that the court did not have authority to render the particular judgment which it did render, the judgment is void and subject to collateral attack. There must be jurisdiction of the matter acted upon; the court must have power to render the particular judgment in the particular case before it can be said to have jurisdiction. [Ex parte Jasper Page, 49 Mo. 291; Gray v. Clement, 286 Mo. 100, 109, 227 S. W. 111; Dusenberg v. Rudolph, 325 Mo. 881, 30 S. W. (2d) 94, 96; Thompson v. Sanders, 334 Mo. 1100, 70 S. W. (2d) 1051, 1054.]

The substance of the State's contention is that petitioner is not entitled to any relief on *habeas corpus* because he is imprisoned under a final judgment rendered by a court which had jurisdiction of the cause in which the judgment was rendered. Sections of the *habeas corpus* statute as well as decisions of this court construing them are cited in support of this contention. Evidently the State is proceeding upon the theory that the judgment under which petitioner is imprisoned is not void, because it concedes that a void judgment is subject to collateral attack, and concedes that if the judgment is void, the authorities cited are not in point. In view of these concessions and in view of our conclusion that the judgment is

void and subject to collateral attack, a discussion of the authorities cited is not necessary.

The cases we have heretofore cited support our conclusion that the judgment is void. We call especial attention to Ex parte Jasper Page, 49 Mo. 291. In that case the petitioner had been charged in the circuit court with the crime of grand larceny to which he entered a plea of guilty, and that court sentenced him to ten years' imprisonment in the penitentiary. The maximum penalty provided for grand larceny at that time was not exceeding seven years' imprisonment in the penitentiary. On *habeas corpus* we held that the judgment of the circuit court was void. In so holding we, among other things, said:

"The error here does not arise out of matter of fact, but is patent on the face of the record. The record proper shows that the judgment of the court in passing sentence was illegal; that it was not simply erroneous or irregular, but absolutely void, as exceeding the jurisdiction of the court and not being the exercise of any authority prescribed by law."

The theory of the Page case and the later cases following it, is that although the court has jurisdiction of the crime charged against a defendant, it does not have jurisdiction to impose a penalty in excess of that provided by law, and if it does so, its judgment is not merely erroneous but is void.

▮ A void judgment is no judgment. We must, therefore, treat the case against petitioner as though no judgment had been rendered therein. The fact that the judgment against petitioner is void because of the excessive penalty assessed, does not entitle him to a complete discharge. In this situation he should be remanded to the custody of the sheriff of Vernon County to be dealt with according to law. That is what the Circuit Court of Cole County did in the *habeas corpus* proceeding, and for that reason our writ of certiorari should be quashed. It is so ordered. All concur.