**STATE of Missouri, Respondent,**

v.

**John Lee BARNES, Appellant.**

**No. 56703.**

Supreme Court of Missouri,
Division No. 2.

April 9, 1973.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant.

HENLEY, Judge.

This is an appeal by John Lee Barnes, defendant, from a judgment sentencing him to imprisonment for eight years upon his conviction of assault with intent to maim with malice aforethought. Sec. 559.-180.[1] We have jurisdiction, because the appeal is from a felony conviction and the notice of appeal was filed before January 1, 1972. See Article V, § 3, Constitution of Missouri, 1945, and § 31 of the 1970 amendment thereto. We reverse and remand, because defendant was convicted of an offense with which he was not charged.

The information under which defendant was tried does not charge him with assault with intent to maim *with* malice aforethought for which he could be sentenced to

---

1. All references to sections are to Revised Statutes of Missouri, 1969, and V.A.M.S.

imprisonment for a term of from two years to life, § 559.180; it charges him under § 559.190 with assault with intent to maim *without* malice for which the maximum sentence is imprisonment for five years.[2]

▮ While the evidence is sufficient to sustain a conviction of assault with malice, and, although the court instructed on, the jury's verdict found him guilty of, and the court sentenced him to eight years imprisonment for that offense, the allegations of the information are not sufficient to state that offense;[3] therefore, the verdict, judgment and sentence are without sufficient support. The court's instruction erroneously authorized his conviction; hence, he was convicted of an offense with which he was not charged. For the reasons stated, the court was without jurisdiction to impose a sentence for assault with malice and its judgment is not merely erroneous, but is absolutely void. State ex rel. Dutton v. Sevier, 336 Mo. 1236, 83 S.W.2d 581 [1, 2] (en banc 1935); LaGore v. Ramsey, 126 S.W.2d 1153 [1] (Mo. en banc 1939); State v. Berry, 237 S.W.2d 91, 93 (Mo.1951); State v. Billingsley, 465 S.W.2d 569, 570 (Mo.1971).

▮ Conceding, in argument, that the defendant was not charged with the offense of which he was convicted, the state asserts that he must however, " * * * stand convicted of the crime of felonious assault without malice aforethought * * *," the lesser of the two offenses. From this position he argues that the conviction should be permitted to stand and " * * * this court should disregard the excess and pronounce sentence and render judgment according to the highest limit prescribed by law * * *" for the offense of assault without malice, five years. In support of this argument he cites Rules 27.06 and 28.15[4] and § 547.280. There are several reasons why this may not be done. First of all, he may not "stand convicted" of assault without malice because the jury did not convict him of that offense; the judgment and sentence are void; if they were valid, we could remand with directions for proper sentence. LaGore v. Ramsey, supra, 126 S.W.2d at 1155.

▮ Rule 27.06 is not applicable because it applies only to a situation where the punishment assessed is greater than that allowed by law for the offense of which a defendant is convicted. The sentence here is not greater than that authorized upon conviction of assault with malice.

Section 547.280 and Rule 28.15 both provide that " * * * [n]o judgment shall be reversed * * * by the appellate court, for the reason that the judgment by virtue of which such person is confined * * * was erroneous as to time * * * but in such case it shall be the duty of the court * * * to sentence such person * * * for the correct length of time * * *." This statute and rule obviously do not permit this or any court to resentence the defendant and thereby save the judgment from reversal, because " * * * the judgment by virtue of which [defendant] is confined [assault with malice] * * *" is not erroneous as to time; he is confined by virtue of a judgment of conviction of assault with malice (an offense with which he was not charged), and a sentence of eight years for that offense is permitted by § 559.180.

---

2. The information, exclusive of formal parts, charges that "JOHN LEE BARNES * * * on the 29th day of May, 1970, at the County of Jackson, State of Missouri, did then and there unlawfully and feloniously make an assault upon one Joseph A. Battaglia by then and there pointing and striking with a gun on the head of Joseph A. Battaglia likely to produce death or great bodily harm, with the felonious intent the said Joseph A. Battaglia to maim; * * *."

3. See State v. Gannaway, 313 S.W.2d 653 (Mo.1958); State v. Woody, 406 S.W.2d 659 (Mo.1966).

4. References to rules are to Missouri Supreme Court Rules and V.A.M.R.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial, or, if the state is so advised, for filing an information charging the offense the evidence supports and a trial thereon.

All of the Judges concur.