STATE of Missouri, Plaintiff-Respondent,

v.

Tim MURTA, Defendant-Appellant.

No. 10466.

Missouri Court of Appeals, Springfield District.

May 23, 1977.

John Ashcroft, Atty. Gen., Paul Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Allan Goodloe, Jr., Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

PER CURIAM:

By information, defendant was charged with *possession*[1] of phendimetrazine tablets. In orally instructing the jury panel after it was sworn for voir dire examination, the court stated that defendant was charged with *possession* of the controlled substance. MAI–CR 1.02. By Instruction No. 4 (MAI–CR 14.10), the court charged on the crime of *possession*. Nevertheless, the jury returned a verdict finding defendant "guilty of *selling* a controlled substance." After overruling defendant's motion for a new trial, the "Court fixed punishment in accordance with jury verdict" and, in his notice of appeal, defendant stated that "The offense of which appellant was convicted was *possession* of controlled substance."[2]

From the foregoing it is obvious that defendant was not charged with the offense of which he was convicted. The verdict, not being responsive to the issues, is fatally defective. *State v. Barnes,* 492 S.W.2d 729, 730[2–3] (Mo.1973); *State v. Bird,* 242 S.W.2d 576, 577[3] (Mo.1951). The judgment, therefore, is reversed and the cause remanded for a new trial.

All concur.

1. All emphasis is ours.

2. The transcript of appeal does not reflect the entry of a judgment as required by Rule 27.11, V.A.M.R.