**Donald HELMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32429.**

Missouri Court of Appeals,
Western District.

Oct. 13, 1981.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled
and Denied
Dec. 8, 1981.

Larry O. Denny, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, and Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and SHANGLER, JJ.

KENNEDY, Presiding Judge.

Appellant was convicted of second-degree murder after a jury trial, and received a sentence of 40 years' imprisonment. The conviction was affirmed upon appeal. *State v. Helms*, 559 S.W.2d 587 (Mo.App. 1977).

In his Rule 27.26 motion, he claimed that the second-degree murder conviction is void for the reason that the indictment "failed to charge that movant had acted with malice aforethought in the killing of another human being".

The indictment does not use the terms "with malice aforethought" in describing defendant's lethal assault upon the victim. "Malice aforethought" is an element of second-degree murder, § 559.020, RSMo 1969, now § 565.004, RSMo 1978. *State v. Randolph*, 496 S.W.2d 257 (Mo. banc 1973); *State v. Smith*, 240 S.W.2d 671 (Mo.1951). Defendant claims the failure to use those words causes the indictment to fail to charge second-degree murder and voids his

888

conviction for that offense. We do not agree.

The movant was sufficiently informed by the indictment of the charge against him. It charged that the acts of the defendant which resulted in the decedent's death were done "unlawfully, willfully, feloniously and premeditatedly". These words taken together implicitly charge that the act was done with "malice aforethought". *Jackson v. United States*, 313 F.2d 572 (D.C.Cir. 1962). "Premeditation simply requires thought before the act for any length of time however short (citation omitted) . . . Willful simply means intentional (citation omitted) . . . Malice has been said to be the intentional doing of a wrongful act without just cause or excuse (citation omitted) . . ." *State v. Meaney*, 563 S.W.2d 117, 119 (Mo.App.1978). Thus the meaning of "malice aforethought" is unmistakably conveyed by the words "premeditation", *State v. Ward*, 569 S.W.2d 341, 343 (Mo.App.1978), and "willfully", *State v. Marston*, 479 S.W.2d 481, 483 (Mo.1972). *See Hardnett v. State*, 564 S.W.2d 852, 854 (Mo. banc 1978); *State v. Mathis*, 427 S.W.2d 450, 454 (Mo. 1968).

The Supreme Court Rule 23.11 (formerly Rule 24.11) states that "no indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant".

While the indictment might have been subject to attack at the trial level, and on direct appeal, for failure to charge that the killing was with "malice aforethought", *State v. Brown*, 168 Mo. 449, 68 S.W. 568 (1902), the omission of those words furnish the movant no ground for relief in this Rule 27.26 proceeding.

*State v. Barnes*, 492 S.W.2d 729 (Mo.1973) does not aid the movant here. In that case it was held to be error for the court to instruct upon assault with intent to maim *with malice*, when the information had charged only an assault with intent to maim *without malice*. In that case, the use of the term "with malice" was an essential element of the crime which was instructed upon and of which the defendant was convicted. Having been charged with an assault with intent to maim without malice, he was then convicted of the higher crime of assault with intent to maim with malice. The conviction was not allowed to stand. Two features distinguish that case from the one now before us. The first is that *Barnes* was a direct appeal, not a post-conviction proceeding. The second is that the use of the quoted words "unlawfully, willfully, feloniously and premeditatedly" in our case clearly describes the offense of second-degree murder, as we have explained above. The use of the word "premeditatedly" informed the defendant that he was not being charged with manslaughter only, for premeditation is not an element of the crime of manslaughter. *State v. Ayers*, 470 S.W.2d 534, 537–538 (Mo. banc 1971); *State v. Banister*, 512 S.W.2d 843 (Mo.App.1974). The use of that word with the others plainly informed the defendant that he stood charged with second-degree murder. *See State v. Anderson*, 515 S.W.2d 534, 537 (Mo. banc 1974); *State v. Ayers, supra.*

The trial court's judgment is affirmed.

All concur.