Treva MERRIWEATHER, Petitioner,

v.

Thelma GRANDISON, Respondent.

No. WD 50949.

Missouri Court of Appeals,
Western District.

July 5, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Barbara Hoppe, Office of the State Public Defender, Columbia, for petitioner.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and LAURA DENVIR STITH, JJ.

KENNEDY, Presiding Judge.

The petitioner on October 17, 1986, pleaded guilty to a charge of felony possession of cocaine, § 195.020, RSMo (1986) (repealed 1989). The Circuit Court of Cass County suspended imposition of sentence and placed her upon probation for five years. On September 8, 1992, petitioner's probation was revoked and she was sentenced to ten years' imprisonment.

The maximum sentence for petitioner's offense had been 20 years' imprisonment when the offense was committed, and that punishment provision was in effect until August 28, 1989. As of the latter date, the

maximum punishment for petitioner's offense was reduced to seven years. § 195.202.2, RSMo (Cum.Supp.1989); § 558.011.1(3), RSMo (Cum.Supp.1991).

Section 1.160, RSMo (1986) (amended 1993), provides that, when the punishment is reduced or lessened after the time of commission of an offense and while a prosecution is "pending," the accused is entitled to the advantage of the less severe punishment or sentence. In *Evans v. State*, 779 S.W.2d 253, 255 (Mo.App.E.D.1989), it was held that "a suit is still 'pending' for purposes of § 1.160, RSMo 1986, from the time it is instituted until a final determination is made which disposes of the case."

On September 8, 1992, therefore, when petitioner was sentenced, the maximum penalty allowed by statute was seven years' imprisonment.

The prisoner filed a "Rule 29.12 motion" in the sentencing court. On the prisoner's appeal from its denial, we affirmed, holding that Rule 24.035 furnished the prisoner's exclusive remedy, and that Rule 24.035 relief was barred by lapse of time. *Merriweather v. State*, 884 S.W.2d 359 (Mo.App.W.D.1994).

The warden maintains that a later version of § 1.160, RSMo (Cum.Supp.1993), which was enacted after petitioner was sentenced, and which became effective August 28, 1993, should be applied. We find no support for this position.

We turn then to the issue of whether petitioner is entitled to relief by way of habeas corpus.

The warden argues that habeas corpus is not available to the petitioner as a remedy—that in failing to seek relief from the sentencing court by means of a Rule 24.035 motion, the petitioner has no remedy.

The warden's position cannot be sustained.

The question before us is whether Merriweather's sentence of imprisonment in excess of the maximum term authorized by law is a matter of the "facial validity of confinement" and is a "jurisdictional issue." If so, habeas corpus is available to the petitioner. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445–46 (Mo. banc 1993).

On this point our cases are uniform and clear. A sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court. In *State ex rel. Dutton v. Sevier*, 336 Mo. 1236, 83 S.W.2d 581 (1935), our Supreme Court had before it the petition of Lee Swick for a writ of habeas corpus. The facts were that Swick had pleaded guilty to assault with intent to kill C.N. Dutton and Woody Stonum, but without malice aforethought. He was sentenced to 12 years in the penitentiary, whereas the maximum punishment authorized by statute was five years. In affirming the lower court's grant of the writ, the Supreme Court said:

> The maximum punishment for the offense charged being not to exceed five years' imprisonment in the penitentiary, the court was without jurisdiction to impose a sentence of twelve years' imprisonment, and for that reason its judgment is not merely erroneous, but is absolutely void and subject to collateral attack on habeas corpus. While the court had jurisdiction of the crime charged against petitioner, it did not have jurisdiction to assess punishment in excess of that provided by law.
>
> Where, as in this case, the record shows on its face that the court did not have authority to render the particular judgment which it did render, the judgment is void and subject to collateral attack. There must be jurisdiction of the matter acted upon; the court must have power to render the particular judgment in the particular case before it can be said to have jurisdiction.

83 S.W.2d at 582 (citations omitted).

In *Dutton*, the court relied upon *Ex parte Page*, 49 Mo. 291 (1872). In that case, the prisoner had been sentenced to a term of incarceration in excess of the maximum sentence provided by statute. He sought relief by writ of habeas corpus. In granting relief in *Page*, the Supreme Court distinguished the case from an earlier case (*Ex parte Toney*, 11 Mo. 661 (1848)) in which habeas corpus relief had been denied. In *Toney*, a slave had been charged and convicted as if he had been a free man, and his owner petitioned by habeas corpus for his release. Said the *Page* court:

But in the case just quoted [*i.e., Ex parte Toney*] it will be perceived that the error was one of fact, provable by extrinsic evidence *dehors* the record. The record as it stood warranted the judgment, and the error of fact produced the difficulty. In such a case the court would not in a collateral proceeding undertake to revise the judgment. But in the case we are now considering, the question presented is far different. The error here does not arise out of matter of fact, but is patent on the face of the record. The record proper shows that the judgment of the court in passing sentence was illegal; that it was not simply erroneous or irregular, but absolutely void, as exceeding the jurisdiction of the court and not being the exercise of an authority prescribed by law.

49 Mo. at 294.

The language of *Ex parte Page* to the effect that a judgment is void which sentences a convicted person to a term of years in excess of the allowable maximum has been drawn into question in later cases. *See Crow v. State,* 492 S.W.2d 40, 46 (Mo.App.1973); *Johnson v. State,* 442 S.W.2d 41, 46 (Mo. 1969); *LaGore v. Ramsey,* 126 S.W.2d 1153, 1154 (Mo. banc 1939). Those cases cite § 532.400 RSMo, which was enacted in 1877. That statute is copied in the margin.[1] The statute has been considered to have been enacted to meet *Ex parte Page*'s granting to the prisoner there a *complete discharge,* and not to deny the prisoner any relief at all in habeas corpus. In *LaGore,* 126 S.W.2d at 1154, a habeas corpus case, the court said of *Ex parte Page:* "On habeas corpus we held the sentence void, that we could neither amend it nor remand the cause to the trial court to do so, and discharged the prisoner. After enactment of said statute [§ 532.400], we have frequently held, under circumstances similar to those in the Page case, that we can amend an erroneous judgment or sentence as to time or place. *Ex parte Be-*

*thurum,* 66 Mo. 545; *Ex parte Cohen,* 159 Mo. 662, 60 S.W. 1031 [ (1901) ]; *State ex rel. v. Sevier,* 336 Mo. 1236, 83 S.W.2d 581 [ (1935) ]." In *LaGore,* the Supreme Court did the same thing as was done in the habeas case of *Dutton,* 83 S.W.2d 581; it remanded the prisoner to the trial court for resentencing within the allowable maximum.

■ *Dutton* has been followed or cited with approval throughout the years, and has never been criticized. *See State v. Barnes,* 492 S.W.2d 729, 730 (Mo.1973); *Wright v. State,* 478 S.W.2d 347, 348 (Mo.1972); *State v. Powell,* 433 S.W.2d 33, 35 (Mo.1968); *State v. Keith,* 241 S.W.2d 901, 902 (Mo.1951); *State v. Hardy,* 359 Mo. 1169, 225 S.W.2d 693, 695 (1950); *State v. Cooper,* 358 Mo. 269, 214 S.W.2d 19, 21 (1948); *State v. Ferguson,* 208 S.W.2d 255, 256 (Mo.1948); *State v. Watson,* 356 Mo. 590, 202 S.W.2d 784, 786 (1947); *State v. Stroemple,* 355 Mo. 1147, 199 S.W.2d 913, 914 (1947); *LaGore,* 126 S.W.2d at 1154; *Griggs v. Venerable Sister Mary Help of Christians,* 238 S.W.2d 8, 13 (Mo.App.1951). In view of the criticisms of *Page,* noted in the preceding paragraph, it is unlikely that the *Dutton* language would still be approved which declares *void* a judgment sentencing a prisoner to imprisonment for a term exceeding the statutory maximum. But *Dutton* stands unchallenged as authority for the proposition that upon habeas corpus a prisoner in Merriweather's case is entitled to remand to the sentencing court for resentencing. It is not necessary, in order to grant that relief, to declare the judgment void, but only to find that the court exceeded its jurisdiction, i.e., its authority, in assessing an excessive sentence.

Recent pronouncements of our Supreme Court confirm the continuing viability of such cases as *Dutton* and *LaGore.* Our Supreme Court had before it in *State v. Carrasco,* 877 S.W.2d 115 (Mo. banc 1994), a case in which a

---

1. **532.400. Parties held under judgment erroneous as to time and place, not entitled to writ.**
  No person shall be entitled to the benefit of the provisions of this chapter for the reason that the judgment by virtue of which such person is confined was erroneous as to time or place of imprisonment; but in such cases it shall be the duty of the court or officer before whom such relief is

sought to sentence such person to the proper place of confinement and for the correct length of time from and after the date of the original sentence, and to cause the officer or other person having such prisoner in charge to convey him forthwith to such designated place of imprisonment.

prisoner had been sentenced to a term of years in excess of the maximum provided by statute for the crime to which he had pleaded guilty. He sought relief in the sentencing court by means of a "Rule 29.12" motion. This "Rule 29.12" motion was filed outside the time for filing a Rule 24.035 motion. The Supreme Court held that neither Rule 29.12 nor Rule 24.035 afforded the prisoner any relief. The Court said in denying the prisoner's oral motion for habeas corpus relief: "The denial is without prejudice, however, and does not foreclose appellant's filing a petition for writ of habeas corpus in the circuit court having jurisdiction. Rule 91.02." 877 S.W.2d at 116.[2]

In a habeas corpus case, *State ex rel. Simmons v. White,* 866 S.W.2d 443 (Mo. banc 1993), the court said: "Both the statutes and the rules governing the state writ of habeas corpus establish procedures similar to the traditional writ. *Chapter 532, RSMo 1986; Rule 91....* Proceedings under Rule 91 are thus limited to determining the facial validity of confinement. §§ 532.430, 532.440, RSMo. 1986." 866 S.W.2d at 445. The court further said: "[H]abeas review is available: ... to present jurisdictional issues, § 532.430(1), RSMo.1986."[3] 866 S.W.2d at 445–46 n. 3.

■ The warden argues that Rule 24.035 is petitioner's exclusive remedy—and that, since she failed to file her Rule 24.035 motion within the time permitted by Rule 24.035(b), she is without any remedy. Petitioner might have sought the same relief by a 24.035 motion in the trial court as she now seeks by writ of habeas corpus, Rule 24.035(a). In fact, Rule 24.035 provides the exclusive procedure for seeking relief *in the sentencing court* for the claims enumerated.

The warden then argues that Merriweather, if she is entitled to habeas corpus relief in

any case, is not entitled to it unless she shows that the grounds for relief were not known to her during the period when a timely Rule 24.035 motion could have been filed. Such language does appear in *White v. State,* 779 S.W.2d 571, 572 (Mo. banc 1989), and in *Simmons,* 866 S.W.2d at 446, but, when read in context, they do not support the warden's position.

In both *White* and *Simmons,* the defect complained of by the prisoner was not jurisdictional. In both cases, it was necessary, in order to reach the defect and grant habeas corpus relief, to go behind the judgment of the court and make a factual investigation. In such cases, habeas corpus has never been available to challenge the court's jurisdiction to make the judgment it made. As the court said in *Ex parte Page,* quoted above: "But in the case just quoted it will be perceived that the error was one of fact, provable by extrinsic evidence *dehors* the record. The record as it stood warranted the judgment, and the error of fact produced the difficulty." 49 Mo. at 294.

In the case now before us, it is not necessary to go behind the judgment. Quoting again from *Ex parte Page:* "The error here does not arise out of matter of fact, but is patent on the face of the record." 49 Mo. at 294. One need only to hold the judgment up against the penalty statute to see that the ten-year sentence is unauthorized.

Where the defect is jurisdictional, then, as it is in this case, is it necessary, as the warden argues, for the prisoner to show he or she was unaware of his grounds for relief at a time when he might have availed himself of the Rule 29.15 or Rule 24.035 remedy? We do not think either *White* or *Simmons* says so. In both of those cases the defects were not of a jurisdictional nature, as we have noted, and the court was considering

---

**2.** Before filing her petition for writ of habeas corpus in this court, Merriweather had filed a similar petition in the Circuit Court of Livingston County, where she was incarcerated. The writ was denied. Rule 91.02(a).

**3.** 532.430. *Prisoner held under judicial proceedings discharged, when.—*

If it appear that the prisoner is in custody by virtue of process from any court legally constituted, or issued by any officer in the service of

judicial proceedings before him, such prisoner can only be discharged in one of the following cases:

(1) Where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person;

....

(6) Where the process is not authorized by any judgment, order or decree, nor by an provision of law. (R.S.1939, § 1623).

the availability of habeas corpus on another ground, namely, to correct a "manifest injustice." The determination of "manifest injustice," of course, calls for a broader inquiry, into which would figure the prisoner's own want of diligence, or his deliberate by-passing of an available remedy as a matter of strategy, which might constitute waiver of his habeas corpus remedy. This dichotomy between jurisdictional defects and manifest injustice grounds for habeas corpus is put into bold relief by these sentences from *Simmons:* "Accordingly, the failings of the informations and evidence below do not rise to the level of jurisdictional defects so as to justify habeas relief.... Neither do the circumstances below rise to a level of manifest injustice that excuses Simmons' failure to raise them on appeal or by Rule 24.035." 866 S.W.2d at 446. This understanding of *Simmons* is borne out by *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994), where the court said: "[S]tate habeas corpus may not be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *except to raise jurisdictional issues* or in 'circumstances so rare and exceptional that a manifest injustice results' ..." (emphasis supplied).

The Supreme Court said in *White,* 779 S.W.2d at 573, that one seeking habeas corpus relief might be required to explain why relief was not available under Rule 24.035 or Rule 29.15. The court distinguished cases where relief was once available and is no longer available (as in Merriweather's case), and those cases where relief is still available. In *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo. banc 1976), the court denied habeas corpus relief on the ground that relief was available under Rule 27.26. The court in *White* pointed out that there were no time limits on Rule 27.26, and *Wiglesworth* was therefore not in point in a case where the lapse of time had foreclosed relief under Rule 24.035 or Rule 29.15. *White,* 779 S.W.2d at 573. Of course, Merriweather is foreclosed from relief under Rule 24.035. It might further be pointed out that *Wiglesworth* did not present a jurisdictional ground for relief; it is like *Simmons,* 866 S.W.2d at 443. Even in a jurisdictional case, however, the present availability of Rule 24.035 or Rule 29.15 relief might be grounds for denying the writ of habeas corpus.

■ But where the prisoner, as in the present case, shows the court did not have jurisdiction to render the judgment it did render, and this defect is "patent upon the face of the record," then he need show no more to entitle him to relief. This view is in harmony with our usual rule that jurisdictional defects are not, and cannot, be waived. *See, e.g., State v. Mitchell,* 563 S.W.2d 18, 23 (Mo. banc 1978); *State v. Douglas,* 835 S.W.2d 383, 384 (Mo.App.E.D.1992) (Both cases stand for the proposition that although guilty plea ordinarily waives all defenses and errors, direct appeal still is proper to attack jurisdiction).

The petitioner is ordered to be returned to the Circuit Court of Cass County, for resentencing within the limits authorized by law. *See Dutton,* 83 S.W.2d at 583; *LaGore,* 126 S.W.2d at 1156. Since there has been no change in the penalty provisions for petitioner's offense, we do not need to consider the effect of any reduction or lessening of the allowable penalty which occurred after petitioner's sentence which we have found invalid.

SO ORDERED.

All concur.