**John Edward Shequin v. Robert G. Smith, Warden, Vermont State Prison**

[285 A.2d 708]

No. 64-71

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 7, 1971

*Langrock & Sperry*, Middlebury, for Plaintiff.

*Patrick J. Leahy*, State's Attorney, for Defendant.

**Keyser, J.** This is an appeal from the dismissal of petitioner's application for a writ of *habeas corpus* brought to the Windsor County Court. The court granted the petitionee's motion to dismiss which was grounded on petitioner's failure to exhaust the remedies available to him.

The issue presented for review is whether the writ of *habeas corpus* is suspended until a person incarcerated under a criminal sentence has first filed a motion for postconviction relief.

The petitioner alleges that he was charged with first degree murder on February 1, 1967, in Chittenden County Court. At that time he was 16 years old. His mother, Ethel Shequin, was appointed his guardian *ad litem* by the court. Counsel also was appointed for the accused. On February 14, 1967, the respondent entered a plea to second degree murder which resulted in a sentence of 35–40 years in State Prison in Windsor, Vermont.

The petitioner further alleges that at the time his mother, Mrs. Shequin, was appointed guardian *ad litem* for her son, she was incompetent to act as such guardian *ad litem* for the reason that she was mentally ill and under psychiatric treatment and a conflict of interest existed between her and her son. The petitioner argues here that the facts must be taken as true since the case was disposed of on the State's motion to dismiss. The basis of the motion was that the petition failed to show or allege that the petitioner had applied for relief as provided by the postconviction statute, 13 V.S.A. § 7131. The court below decided the motion on the issue of exhaustion of available remedies and not on the question of the sufficiency of facts alleged. In this situation the facts did not come into play on the ruling of the court. The ruling was one of law for the court on the motion.

13 V.S.A. § 7131 reads:

> "A prisoner who is in custody under sentence of a court and claims the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or of the state of Vermont, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the county court of the county where the sentence was imposed to vacate, set aside or correct the sentence. However, the superior or district judge who presided when the original sentence was imposed shall not hear the application."

13 V.S.A. § 7136 is as follows:

> "An application for a writ of habeas corpus in behalf of a prisoner entitled to move for relief under sections 7131–7135 of this title, shall not be entertained if it appears that the applicant has failed to apply for relief under this subchapter and sections 3953 and 3957 of Title 12 or that the court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The petitioner argues that the Legislature could not derogate the rights of an individual under the Vermont Constitu-

tion by the passage of 13 V.S.A. §§ 7131 and 7136. He claims the writ of *habeas corpus* cannot be suspended by these statutes.

The Vermont Constitution provides:

> "SECTION 33. The Writ of Habeas Corpus shall in no case be suspended. It shall be a writ issuable of right; and the General Assembly shall make provision to render it a speedy and effectual remedy in all cases proper therefor."

The language of 13 V.S.A. § 7136 clearly shows that if the petitioner wants to collaterally attack the proceedings below he must first apply for postconviction relief under 13 V.S.A. § 7131. The petitioner claims his attack on the criminal proceedings against him is not collateral but direct since the guilty plea was entered by an individual who, on the facts alleged in the petition, was incompetent to enter it.

While a legislature may regulate the procedure with respect to *habeas corpus*, and, to some extent, the purposes for which it may be used, the writ may not be abrogated or its efficiency curtailed by legislative action. 39 Am.Jur.2d *Habeas Corpus* § 5.

The provisions of our statutes, *supra*, are similar in effect to the federal statute respecting an attack on a sentence in a criminal case under 28 U.S.C. § 2255.

The United States Supreme Court in reviewing the history of 28 U.S.C. § 2255, wherein it is provided that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside or correct the sentence, held in *Hill* v. *United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed. 2d 417, 421 (1962):

> "Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoner's rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in *habeas corpus* hearing by affording the same rights in another and more convenient form." Citing *United States* v. *Hayman*, 342 U.S. 205 at p. 219, 96 L.Ed. 232, 72 S.Ct. 263, 272 (1952).

In the *Hayman* case, *supra,* 342 U.S. at 222, the court held that the statutory proceeding under 28 U.S.C. § 2255 is "an independent and collateral inquiry into the validity of the conviction."

See also *Taylor* v. *United States,* 229 F.2d 826, 832 (8th Cir. 1956), which held that 28 U.S.C. § 2255 "is a complemental remedy to *habeas corpus*". The court further said in that case, "Because its purposes are, in a broad sense, analogous to *habeas corpus,* this remedy is a special civil rather than a criminal proceeding even though it attacks a criminal conviction."

The case of *Barrett* v. *Hunter,* 180 F.2d 510, 20 A.L.R.2d 965 (10th Cir. 1950) *cert. denied,* 340 U.S. 897, 95 L.Ed. 650, 71 S.Ct. 234 (1950), is likewise very much in point. The court there held that the remedy furnished by the federal statute (28 U.S.C. § 2255) involves a change of procedure only, and, considering all of its provisions, is the substantial equivalent of conventional *habeas corpus,* and so is not an unconstitutional suspension of the writ.

■■ The competency of the guardian *ad litem* was not an issue below nor the basis of the court's order dismissing the petition. The petitioner's claim that the guardian *ad litem* was mentally incompetent to act in this capacity as well as a claim of incompetent legal representation are matters collateral to the criminal proceedings.

■ We hold that the Vermont statutes providing a postconviction remedy of a prisoner in custody under sentence of a court are not in derogation of the rights of a convicted prisoner granted by the Vermont Constitution.

The petitioner cites *In re Newton,* 125 Vt. 453, 218 A.2d 394 (1966), in support of his claim that his representation by an incompetent guardian *ad litem* appears to fall within the traditional protections of *habeas corpus.* In that case the respondent, Newton, before sentence, attempted to withdraw his plea of guilty and requested a jury trial which the court denied. There is no factual similarity between that case and the case at bar. Here, there was neither a timely nor an otherwise appropriate motion to strike his plea either before or after sentence. Neither was a jury trial ever asserted by the petitioner. The *Newton* case is not in point in the case at bar.

Since the petitioner's challenge to the mental competency of petitioner's mother to represent him as guardian *ad litem* in the criminal case is a collateral attack on his sentence, the remedy available to him lies within the ambit of the post relief statutes. The court properly refused to entertain petitioner's application for a writ of *habeas corpus*. It clearly appears that the remedy by motion under 13 V.S.A. § 7131 is an adequate and effective means of testing the legality of petitioner's detention.

*Judgment affirmed.*