2009 VT 46

**Brian COYLE v. Robert HOFMANN, Commissioner of Department of Corrections**

[974 A.2d 616]

No. 08-101

¶ 1. April 29, 2009. Petitioner Brian Coyle appeals the superior court's order — on his habeas corpus petition — reducing his maximum sentence for attempting to elude a police officer from fifteen to twelve months. He contends that the superior court lacked jurisdiction to correct its sentence and that the only options were to return him to the sentencing court for a contested resentencing hearing or new trial, or to vacate the sentence and order his immediate release. The State argues that the court had the power to correct petitioner's sentence rather than remand to the district court or vacate the sentence. We affirm.

¶ 2. Petitioner received two sentences of eight to fifteen months, consecutive, all suspended but twenty-six days, pursuant to a voluntary plea agreement entered on June 6, 2006. The two sentences were for attempting to elude a police officer, 23 V.S.A. § 1133, and second-offense driving under the influence (DUI2), 23 V.S.A. § 1201. Defendant's DUI2 charge carries a maximum sentence of two years. 23 V.S.A. § 1210(c). The maximum permissible sentence for attempting to elude is, however, twelve months. 23 V.S.A. § 1133(b)(1).

¶ 3. After petitioner violated his probation twice, he began to serve the underlying sentences on August 23, 2007 — approximately fourteen months after his plea. On February 5, 2008, petitioner filed a habeas corpus petition claiming that the district court lacked jurisdiction to sentence him beyond the legally prescribed maximum. The State conceded at the hearing on the petition that the eight-to-fifteen-month sentence on the attempting-to-elude charge was greater than prescribed by the statute. The State contended, and the superior court agreed, that the attempting-to-elude sentence should simply be amended to eight to twelve months. Petitioner filed a motion to reconsider, claiming that the court had no authority to correct his sentence. The motion was denied. This appeal followed.

¶ 4. In reviewing the trial court's factual findings, "we will view them in the light most favorable to the prevailing party below, disregarding the effect of modifying evidence, and we will not set them aside unless they are clearly erroneous." *In re M.B.*, 2004 VT 58, ¶ 6, 177 Vt. 481, 857 A.2d 772 (mem.). We will uphold the court's findings if reasonably supported by credible evidence. *Id.* Our review of questions of law is "nondeferential and plenary." *Id.*

¶ 5. We treat petitions for habeas corpus challenging sentences as petitions for post-conviction relief (PCR) under 13 V.S.A. § 7136. See *Sherwin v. Hogan*, 136 Vt. 606, 607-08, 401 A.2d 895, 896-97 (1979). PCR statutes "were enacted to

simplify the often cumbersome procedures associated with habeas corpus," and the scope of habeas corpus relief has expanded under these statutes. *In re Stewart*, 140 Vt. 351, 356, 438 A.2d 1106, 1107 (1981). Habeas corpus now includes "a wide range [of relief], . . . including remedies short of full release, [and] the scope of review is likewise broad." *Id.* (quotations omitted). The Vermont PCR statute, 13 V.S.A. § 7131, was patterned after the federal PCR statute, 28 U.S.C. § 2255, which was enacted "to minimize the difficulties encountered in habeas corpus hearings by affording the *same rights* in another and more convenient forum." *Hill v. United States*, 368 U.S. 424, 427-28 (1962) (quotation omitted).

¶ 6. Procedurally, this habeas corpus petition "could be dismissed out of hand under 13 V.S.A. § 7136, which requires initial resort to a petition for post-conviction review before the county (now Superior) court with a different presiding judge if that was the sentencing court, as a condition precedent to *habeas corpus . . . .*" *Berard v. Moeykens*, 132 Vt. 597, 598, 326 A.2d 166, 167 (1974). Here, however, the substantive requirements of the PCR statute have been met, so "we will treat [the petition] as properly brought, in the interests of justice and consistent with the remedial intent of the statutes." *Sherwin*, 136 Vt. at 607-08, 401 A.2d at 896-97. As we held in *Shequin v. Smith*, this statutory procedure for post-conviction relief is constitutionally permissible. 129 Vt. 578, 582, 285 A.2d 708, 711 (1971).

¶ 7. Vermont's PCR statute "permits a collateral attack upon Vermont convictions or sentences which are defective under the Constitution, statutory law, or 'otherwise subject to collateral attack.'" *In re Stewart*, 140 Vt. at 355, 438 A.2d at 1107 (quoting 13 V.S.A. § 7131). Before granting post-conviction relief, the court must find that "the judgment was made without jurisdiction, or that the sentence imposed was not authorized by law or is

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to make the judgment vulnerable to collateral attack." 13 V.S.A. § 7133. If the court makes such a determination, "it shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial *or correct the sentence as may appear appropriate.*" *Id.* (emphasis added).

¶ 8. Here, the original sentence on petitioner's attempting-to-elude plea exceeded the maximum allowed by law. 23 V.S.A. § 1133. The State concedes this point. At the hearing on the petition, petitioner's attorney requested a correction of the sentence to conform to the legal maximum. Petitioner was present and did not express his dissatisfaction with the outcome sought by his attorney.[*] He did, however, request an opportunity to have his case reheard, asserting that he would produce additional evidence in his favor. As this Court stated in *State v. Tester*:

> To warrant a new trial on the basis of newly discovered evidence . . . defendant needed to establish all of the following: (1) the new evidence would probably change the result upon retrial; (2) the new evidence was discovered after trial; (3) the evidence could not have been discovered sooner through due diligence; (4) the evidence was material; and (5) the evidence was not merely cumulative or impeaching.

---

[*] Petitioner subsequently filed a pro se letter stating that he never requested a correction of his sentence and that his attorney at the time of the habeas hearing was not authorized to speak for him, but he made neither assertion at the hearing when given the opportunity to do so.

2007 VT 40, ¶ 14, 181 Vt. 506, 923 A.2d 622. But petitioner did not specify what the new evidence was, state how it would affect his sentence, or state any reason that an erroneous sentence imposed pursuant to a voluntary plea must result in a new trial or new contested sentencing hearing. Thus, a new trial is not warranted.

¶ 9. Under 13 V.S.A. § 7133, the superior court has the power to correct a sentence, where appropriate. Although we elect to treat petitioner's habeas corpus petition as a PCR petition, we note also that "[m]any jurisdictions employ the writ of *habeas corpus* to reduce the term of an excessive sentence to that authorized by statute although the petitioner has not yet completed the valid portion of his sentences." *Renshaw v. Norris*, 989 S.W.2d 515, 517 (Ark. 1999); see also, e.g., *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993); *Landreth v. Gladden*, 324 P.2d 475, 483 (Or. 1958); *In re Halderman*, 119 A. 735, 737 (Pa. 1923) (per curiam).

¶ 10. Petitioner cites *Merriweather v. Grandison*, arguing that it mandates remand to the district court for resentencing. 904 S.W.2d 485, 486-87 (Mo. Ct. App. 1995). *Merriweather*, however, is factually distinct from the present case. In *Merriweather*, the defendant's sentence had not been reduced by the lower court after the initial hearing. *Id.* at 489. Thus, the Missouri court remanded the matter for resentencing. *Id.* Here, however, petitioner's sentence *was* corrected to the legal maximum by the superior court, a course of action entirely consonant with our law. Remanding to the district court would therefore be an inefficient use of the court system's resources. The superior court correctly adjusted petitioner's sentence, and he is not entitled to remand or release.

*Affirmed.*