*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-325

DECEMBER TERM, 2016

In re Michael L. Carpenter

}
}
}
}
}
}
}

APPEALED FROM:

Superior Court, Bennington Unit,
Civil Division

DOCKET NO. 194-6-15 Bncv

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the superior court's decision dismissing his post-conviction-relief (PCR) petition as successive to an earlier petition that was denied without appeal. We reverse, and remand the matter for further proceedings.

In April 2011, having been charged with three felonies and six misdemeanors, petitioner entered into a plea agreement in which he pled guilty to one felony—violation of an abuse-prevention order (VAPO)—and five misdemeanors. The felony VAPO charge was based on petitioner's violation of a temporary, ex parte relief-from-abuse (RFA) order that, among other things, prohibited petitioner from contacting the plaintiff in any manner.[1] The violation was based on petitioner's phone call to the plaintiff in violation of the no-contact provision. Pursuant to the agreement, the felony sentence was subject to enhancement under the Habitual Offender Act, 13 V.S.A. § 11, but the parties were free to argue for their respective recommended sentences. At the sentencing hearing, the State sought a ten-to-twelve-year prison term, while petitioner argued for a sentence of twenty-three months to seven-and-one-half years to serve, with no enhancement. The court imposed a sentence of five-to-fourteen years to serve, which constituted an enhancement under the Habitual Offender Act. On direct appeal of the sentence, this Court rejected petitioner's plain-error argument that the Habitual Offender Act did not authorize enhancing a minimum sentence beyond the underlying offense's statutory minimum. State v. Carpenter, 2013 VT 28, ¶¶ 4-6, 193 Vt. 484.

Meanwhile, petitioner filed a PCR petition in September 2011, but the petition was stayed pending resolution of petitioner's direct appeal. After his sentence was upheld on direct appeal, petitioner filed another PCR in May 2013. The two petitions were consolidated, and at a merits hearing held on November 19, 2014, petitioner represented that he was seeking the same relief on the same grounds in both petitions. Petitioner proceeded pro se because the superior court had earlier granted his assigned counsel's motion to withdraw based on the Defender General's determination that its representation was not warranted under 13 V.S.A. § 5233(a)(3) (stating that needy person is entitled to assigned counsel in PCR proceeding only when counsel considers "the

---

[1] No final RFA order was ever entered because neither party appeared at the scheduled hearing on the complaint.

claims, defenses, and other legal contentions to be warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or establishment of new law").

In its November 20, 2014 decision denying the petition, the superior court rejected petitioner's arguments that: (1) his sentence was excessive because the VAPO charge was based on a nonthreatening telephone call and because the sentencing court unduly relied upon his prior criminal history; and (2) his conviction should be overturned because his diminished capacity prevented him from being aware of the RFA order he was charged with violating. In so ruling, the court determined that petitioner failed to prove his ineffective-assistance-of-counsel claims and that his guilty plea was made in compliance with Vermont Rule of Criminal Procedure 11. Petitioner did not appeal that decision.

In June 2015, petitioner filed the instant petition. Once again, the superior court assigned counsel but then granted counsel's motion to withdraw. The court reasoned that it had granted the Defender General leave to withdraw pursuant to § 5233(a)(3) with respect to petitioner's previous petition, and that petitioner was not entitled to counsel with respect to the new petition because the claims in the new petition were the same as those in the previous petition. Acknowledging petitioner's attempt to distinguish the new petition by claiming relief by way of a petition for a writ of habeas corpus, the court stated that the bases for his claims were the same as those considered and rejected following the merits hearing on the previous petition. Accordingly, the court dismissed the petition as successive. See 13 V.S.A. § 7134 ("The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner."); see In re Laws, 2007 VT 54, ¶¶ 11, 18-22, 182 Vt. 66 (holding that "§ 7134 bars relitigation of claims actually raised and decided on the merits in an earlier PCR" petition and also bars subsequent PCR petitions in which government proves abuse of the writ by showing that petitioner inexcusably failed to raise issues that should have been raised in earlier petition).

On appeal, petitioner, now represented by counsel, argues that the VAPO charge was unlawful because no final RFA order was ever entered and the statute addressing temporary ex parte RFA orders, in contrast to the statute applicable to final RFA orders, does not allow orders prohibiting contact with the plaintiff. Compare 15 V.S.A. § 1103(c)(2)(A) (stating, in relevant part, that, after notice to the defendant and a hearing, court may order defendant to refrain from abusing or interfering with personal liberty of plaintiff, and that such orders may include restrictions on defendant's ability to contact plaintiff), with id. § 1104(a)(1)(A) (stating that upon finding abuse and immediate danger of further abuse, court may issue temporary order requiring defendant to refrain from abusing or interfering with personal liberty of plaintiff).[2] Therefore, according to petitioner, the court had no authority to put the no-contact provision in the temporary order. He argues that he cannot be convicted of a VAPO for violating an unlawful order. He further contends that the superior court's dismissal of his most recent PCR petition as successive should be overturned because he sought relief by way of a petition for a writ of habeas corpus and he did not argue in his previous petition that he was charged and convicted based on a defective information.

Petitioner cannot avoid his most recent petition being deemed successive by labeling it as habeas corpus rather than PCR. "We treat petitions for habeas corpus challenging sentences as

---

[2] Section 1104(a)(1)(A) was amended in 2013, after the events that led to the charges at issue here, to allow temporary orders requiring a defendant to refrain from coming within a fixed distance of the plaintiff. See 2013, No. 17, § 9.

2

petitions for post-conviction relief (PCR) under 13 V.S.A. § 7136." Coyle v. Hofmann, 2009 VT 46, ¶ 5, 186 Vt. 525 (mem.).

However, we conclude that petitioner's most recent petition contained new arguments that he did not raise in the first petition. In particular, he asserted that the indictment was defective and that he received ineffective assistance of counsel in connection with it. Petitioner's handwritten memorandum of law accompanying the pro se petition at issue here, though difficult to decipher, appears to challenge the felony VAPO charge on the grounds that the underlying RFA order was unlawful and his counsel was ineffective. The petition discusses at some length the statutory limits on the permissible scope of a trial court's temporary, ex parte RFA order under the then-governing statute. This issue was neither raised in the earlier petition nor considered by the superior court in any PCR proceeding. Nor did the State allege, or the superior court find, an abuse of the writ, as required in In re Laws. See 2007 VT 54, ¶ 22 (setting forth procedure for alleging and finding abuse of writ to justify dismissal of petition as successive). Hence, we cannot uphold the superior court's dismissal of petitioner's most recent petition as successive.

Nor can we uphold the court's decision based on In re Torres, 2004 VT 66, ¶ 1, 177 Vt. 507 (mem.), as the State argues. In that case, the petitioner, who was convicted of second-degree aggravated sexual assault based on his having committed a prior sexual assault, claimed in a later PCR proceeding that: (1) he could not have been convicted of second-degree aggravated domestic assault because, although he had been charged, he had never been convicted of a prior domestic assault; and (2) his attorney failed to investigate the factual basis of his prior domestic charge, resulting in the attorney advising him to plead guilty to an unlawful charge. We held that the petitioner "waived his right to challenge the conviction . . . when he pled guilty," citing the well-settled principal "that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." Id. ¶ 9 (quotation omitted). Finding that the petitioner knowingly and voluntarily waived his rights in pleading guilty to the charge, we concluded that he was prohibited from challenging his conviction on grounds that it was unlawful due to the absence of a prior domestic assault conviction. Id. ¶ 12. We remanded the matter, however, for further proceedings on the petitioner's ineffective-assistance-of-counsel claim because the claim had been premised on his assertions that the offense for which he was convicted required a prior domestic assault conviction and that his attorney failed to ascertain the factual basis of the prior conviction. Id. ¶¶ 12, 15.

For the same reason stated in Torres, we hold that petitioner waived his right to directly challenge the charges to which he pled guilty. As in Torres, the superior court in this case concluded that petitioner entered his guilty plea knowingly and voluntarily. Petitioner does not challenge that conclusion on appeal. But for the same reason as that stated in Torres, we remand the matter for the court to consider petitioner's ineffective-assistance-of-counsel claim in connection with those charges.

We recognize that the superior court emphasized in its November 20, 2014 decision denying the earlier petition that petitioner had no expert to support any ineffective-assistance-of-counsel claim and that he "disavowed during his testimony any claim that his guilty plea was the product of undue pressure by his attorney, or [the] result of ineffective assistance of counsel." But in his memorandum of law accompanying his most recent petition, petitioner alleged ineffective assistance of counsel for failing to object to the defective indictment. As noted, the State did not claim, and the court did not find, an abuse of the writ. Accordingly, we remand the matter for the court to consider petitioner's ineffective-assistance-of-counsel claim. Because we conclude that petitioner raised claims in his most recent petition that were not raised in his earlier petition, the

3

court shall assign counsel for petitioner in this matter.  The court may also consider on remand any abuse-of-the-writ claim made by the State.

Reversed and remanded for further proceedings consistent with this entry order.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice